Filed 6/13/13  P. v. Allen CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br><br>v.<br><br>CHARLES ALLEN,<br><br>         Defendant and Appellant. | A135375, A135376<br><br>(City and County of San Francisco<br>Super. Ct. Nos,. 211293 & 216715) |

Defendant Charles Allen appeals from a judgment of conviction for one count of second degree robbery and one count of assault with force likely to cause great bodily injury.  He argues that the trial court incorrectly imposed two one-year sentence enhancements due to his prior service of two terms in a state prison.  Because Allen's prior service in state prison was for one continuous period of time, it counts as only one term in state prison under Penal Code section 667.5, subdivision (g),[1] even though he was serving consecutive sentences in two separate cases.  Thus, we agree with Allen that the trial court should have imposed only one prior prison term enhancement.  So does the Attorney General.  We modify the sentence imposed by striking one of the enhancements assessed pursuant to section 667.5, subdivision (b).  As so modified, we affirm.

**BACKGROUND**

Allen accosted a blind man on Mission Street in San Francisco and forcibly took his pen and iPod.   A jury found him guilty of a single count of second degree robbery in

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

violation of section 211, enhanced under section 667.9, subdivision (a), because he should have known his victim was blind, and a single count of assault with force likely to cause great bodily injury in violation of section 245, subdivision (a)(1).   The court conducted a separate trial on Allen's prior convictions and found true allegations that he had twice been convicted in Alameda County of transportation of a controlled substance in violation of Health and Safety Code section 11352, subdivision (a).  One of the convictions was entered on July 30, 1997, the other on October 29, 1999.

The court imposed a total prison sentence of eight years four months consisting of an aggravated term of five years for the robbery, a stayed mid-term sentence on the assault, a four-month enhancement due to the victim's vulnerability, a one-year enhancement for each of the prison terms served on the Alameda County convictions, and one year for an unrelated assault conviction for which Allen was on parole when he committed the crimes in this case.   He timely appealed.

## DISCUSSION

Allen contends that the court should not have imposed two sentence enhancements under section 667.5, subdivision (b), because the sentences in the Alameda cases were imposed at the same time and served consecutively and continuously.   He is correct.

When a defendant with a prior criminal history is convicted of a felony and sentenced to state prison, section 667.5, subdivision (b), requires that the court "impose a one-year term for each prior separate prison term" served by the defendant.  (§ 667.5, subd. (b).)  A "prior separate prison term" is defined in section 667.5 to mean, "a continuous completed period of prison incarceration imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes, including any reimprisonment on revocation of parole which is not accompanied by a new commitment to prison."  (§ 667.5, subd. (g).)

Allen was sentenced to prison on the same day, April 4, 2001, for each of the Alameda County convictions.   He was given a five-year sentence for the 1999 conviction, to be followed consecutively by a one-year, four-month conviction for the 1997 conviction.   He entered state prison and began serving the consecutive sentences

2

on April 30, 2001.   Although Allen violated his parole and was returned to custody several times following his release from prison in January 2004, he was never returned to prison on a new conviction prior to his sentencing here in the trial court in 2012.

"By the terms of section 667.5, subdivision (g), one continuous completed period of incarceration amounts to one separate prison term, whether 'imposed for the particular offense alone or in combination with concurrent or consecutive sentences for other crimes.' " (*People v. Torres* (2011) 198 Cal.App.4th 1131, 1151.)  Accordingly, before he was returned to prison when the trial court sentenced him in 2012, Allen had only served one prior separate prison term as defined in section 667.5, subdivision (g), not two.  Thus, he should have only received a single one-year enhancement due to his service of a prior term in state prison.   We will strike one of the sentence enhancements ordered pursuant to section 667.5, subdivision (b).

In our review of the record, we also notice that the abstract of judgment does not show Allen's conviction of assault with force likely to cause great bodily injury for which he was given a one-year sentence that was stayed pursuant to section 654.  We will exercise our independent authority to also order the correction of this clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

### DISPOSITION

The sentence in this case shall be corrected to strike one year of the sentence enhancements imposed pursuant to section 667.5, subdivision (b), thereby resulting in Allen's commitment to state prison for total of 6 years, four months.  The abstract of judgment shall also be corrected to include Allen's conviction of assault with force likely to cause great bodily injury in violation of section 245, subdivision (a)(1), for

3

which he was assessed one year, which is one-third of the mid-term sentence, to be stayed pursuant to section 654.  As so modified, the judgment is affirmed.

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Jenkins, J.