Filed 12/5/14  P. v. Lazo CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B252538 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA086723) |
| v. | |
| JUAN CARLOS LAZO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Eric C. Taylor, Judge.  Affirmed.

Linn Davis, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Scott A. Taryle and John Yang, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted appellant Juan Carlos Lazo of four counts arising from two separate incidents: forcible rape (Pen. Code, § 261, subd. (a)(2)),[1] corporal injury to cohabitant (§ 273.5, subd. (a)), and false imprisonment by violence (§ 236), alleged to have occurred on February 22, 2013, and criminal threats (§ 422, subd. (a)), alleged to have occurred on or between January 15 and 18, 2013. The jury acquitted him of another charge, assault with a firearm (§ 245, subd. (a)(2)), also alleged to have occurred in the January incident, and found not true the firearm use allegation (§ 12022.5, subd. (a)) in the criminal threats count. He was sentenced to 5 years, 8 months in state prison.

On appeal from the judgment of conviction, he challenges only his conviction of criminal threats, charged in count 5 of the information. Although the crime was alleged to have occurred on or between January 15 and January 18, 2013, appellant contends that the prosecutor's argument and the jury instructions regarding count 5 resulted in an implied amendment of the information to charge a continuing course of conduct encompassing the February 22, 2013, incident. He asserts that he was improperly convicted of that amended charge, because it was based on conduct not charged in the information and or proved at the preliminary hearing. He also contends that the trial court erred in its response to a jury question regarding count 5, inquiring whether count 5 referred to the January incident, and that his trial counsel was ineffective for failing to object to court's response. We find no error and affirm the judgment.

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

2

# BACKGROUND

*Trial Evidence*

1. *January Incident*

The information alleged that on or between January 15 and January 18, 2013, defendant committed assault with a firearm (count 4), criminal threats (count 5), and used a firearm in both crimes.

At trial, Norma S. testified that in the first week of 2013, appellant moved into the house she shared with her parents and her two children. One night in the middle of January, she and appellant argued over text messages on his phone. The next morning, Norma went looking for apartments for her and appellant to move into, and then went to work. In the evening, appellant became angry that she had not returned home earlier. He forced Norma into the bedroom closet and pointed a gun at her. He called her a whore, accused her of cheating, and said, "Don't mess with me. You don't know what I'm capable of doing." He also said he was going to "kill everybody in the house," including her father. Norma kneeled and pleaded with appellant and was able to calm him down. He placed the gun under the box spring of the bed, hugged Norma, and apologized.

The gun was never found, and at trial, appellant testified that the gun was a toy. The jury convicted appellant of criminal threats, but found the firearm use allegation not true and acquitted on the charge of assault with a firearm.

2. *February Incident*

The information alleged that on February 22, 2013, appellant committed forcible rape, corporal injury to a cohabitant, and false imprisonment by violence.

At trial, Norma S. testified that in their bedroom on the morning of February 22, 2013, appellant asked for $1,000 from Norma so that he could move out. She

said that she would give him the money at the end of the day. Around noon, appellant came to the cell phone store where Norma was working and asked for money. When Norma refused, he said that he could kill her if he wanted, and at some point added, "You're going to do it the good way or the bad way." Appellant locked the store and ordered Norma to the back room. There, appellant fondled her, demanded oral sex, and raped her on the couch. When someone knocked on the store window, appellant put on his pants and forced Norma to the back storage room, where she struggled with him and then "blacked out." When she regained consciousness, she was on the floor, and appellant apologized and put a wet towel on her head. He then left.

Appellant denied raping or physically restraining Norma. He testified that she pushed and scratched him when he said he was leaving her. The jury convicted him on the three counts arising from the February incident.

## DISCUSSION

I.  *Implied Amendment of the Information*

Appellant contends that the prosecutor's argument to the jury and the jury instructions impliedly amended the information to charge a continuous course of conduct supporting the criminal threats charge encompassing threats in both the January and February incidents. He urges that he was improperly convicted of that amended charge, because it was not alleged in the information or proved at the preliminary hearing. We conclude that appellant forfeited any claim that his due process rights were violated by the alleged failure to receive adequate notice of the charges, and in any event, the claim fails.

4

A. *Jury Instructions*

Regarding the dates of the alleged crimes, the jury was instructed pursuant to CALCRIM No. 207 as follows: "It is alleged that the crime [*sic*] occurred on February 22, 2013, and on or between January 15, 2013 and January 18, 2013. The People are not required to prove that the crime took place exactly on that day but only that it happened reasonably close to that day."

As to the elements of a criminal threat, the jury was instructed, in part, as follows: "The defendant is charged in Count 5 with having made a criminal threat in violation of Penal Code section 422. [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant willfully threatened to unlawfully kill or unlawfully cause great bodily injury to Norma S. or a member of her immediate family; [¶] 2. The defendant made the threat orally; [¶] 3. The defendant intended that his statement be understood as a threat; [¶] 4. The threat was so clear, immediate, unconditional, and specific that it communicated to Norma S. a serious intention and the immediate prospect that the threat would be carried out; [¶] 5. The threat actually caused Norma S. to be in sustained fear for her own safety or for the safety of her immediate family; [¶] AND [¶] 6. Norma S.'s fear was reasonable under the circumstances."

The jury was also instructed on the firearm use allegation: "If you find the defendant guilty of the crimes charged in Counts 4 and 5, you must then decide whether, for each crime, the People have proved the additional allegation that the defendant personally used a firearm during the commission of that crime."

B. *Prosecution Argument*

During closing argument, the prosecutor encouraged the jury to "look at this case holistically . . . to think of the context that allowed Norma to be on that couch

5

and be raped." He argued that appellant threatened Norma during both the January and the February incidents. However, he clarified that that the rape, corporal injury, and false imprisonment counts related to the February incident. He then stated "the 4th and 5th count[s] relate to the incident in the middle of January. The dates are alleged as January 15th through 18. As the jury instructions tell you we do not have to prove it happened on that date; just it happened reasonably close to that date."

The prosecutor then discussed the elements of the crimes relating to the February 22 incident. When he finished, he stated: "Now we get to the counts that apply to the incident that happened in January where he pulled the gun from under the box spring and pointed it at her and threatened to kill her family and threatened to kill her." He discussed the elements of the criminal threats charge only in connection with the January incident. In discussing those elements, he stated that appellant "willfully threatened to kill or cause great bodily injury to the victim or a member of her immediate family. He did that repeatedly." In explaining the element of sustained fear, he stated that Norma's testimony indicated that she felt fear not just "that day but, . . . the following month in continuing to live with this man. . . . [¶] She had a good reason to be scared because when she finally stood up for herself and said, no, I'm not giving you any money, get out of my life; he raped her, and he assaulted her."

The prosecutor also referred the jury to the firearm use allegations in counts 4 and 5: "Finally, as to each of those last two counts, assault with a firearm and criminal threats, . . . you have to decide whether or not he personally used a firearm in connection with it."

C. *Jury Question*

During deliberations, the jury asked the following question:  "Does Count 5, criminal threats, pertain to only January 15-January 18 time frame?"  The trial court responded in writing "Please see all of the instructions, including Instruction # 207."  The record does not reflect whether the court consulted the lawyers before responding.

D. *Forfeiture*

"Due process requires that 'an accused be advised of the charges against him so that he has a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.'  [Citation.]  Thus, it is the rule that 'a defendant may not be prosecuted for an offense not shown by the evidence at the preliminary hearing or arising out of the transaction upon which the commitment was based.'  [Citations.]"  (*People v. Graff* (2009) 170 Cal.App.4th 345, 360 (*Graff*).)  However, "an objection to lack of notice of the charges must be raised in the trial court and cannot be raised for the first time on appeal.  [Citations.]"  (*People v. Torres* (2011) 198 Cal.App.4th 1131, 1140; see also *People v. Fernandez* (2013) 216 Cal.App.4th 540, 555 [finding that the defendant forfeited his right to complain about the amendment of an information by failing to object at trial]; *People v. Newlun* (1991) 227 Cal.App.3d 1590, 1604 ["having failed to claim surprise or to request a continuance, defendant has waived objection to the evidence adduced at trial on the ground he did not have adequate notice of it"].)

Here, appellant never objected in the trial court that the prosecutor had impliedly amended the information to improperly charge a criminal threat not

7

mentioned in the information or proved at the preliminary hearing.  He thus forfeited the issue.

E. *Merits*

Even were it not forfeited, the claim would lack merit.  At trial, Norma testified that in the January incident, appellant pointed a gun at her and threatened her and her family.  He said, "Don't mess with me.  You don't know what I'm capable of doing."  He also said he was going to "kill everybody in the house," including her father.  In her testimony describing the February incident, she also described threats made by appellant:  he said that he could kill her if he wanted, and at some point added, "You're going to do it [give him money] the good way or the bad way."  However, she did not testify that appellant used a firearm in the incident.

Appellant contends that the prosecutor invited the jury to consider the February threats as part of a continuous course of conduct supporting the criminal threats charge in count 5, and in that way impliedly amended the information.  However, in his argument to the jury, the prosecutor was clear that counts 4 and 5, both of which allegedly involved appellant's use of a handgun, related only to the January incident.  He stated that "the 4th and 5th count[s] relate to the incident in the middle of January.  The dates are alleged as January 15th through 18.  As the jury instructions tell you we do not have to prove it happened on that date; just it happened reasonably close to that date."  Further, he directed the jury "to the counts that apply to the incident that happened in January where he pulled the gun from under the box spring and pointed it at her and threatened to kill her family and threatened to kill her."  He discussed the elements of the criminal threats charge only in connection with the January incident.  Insofar as the prosecutor

8

argued that Norma felt fear for a month after the January through the February incident, he did so not to urge that he was relying on a continuing course of conduct to support the criminal threats charge, but merely to urge that Norma experienced "sustained fear" as a result of the threats in January, a requisite element of the criminal threat offense, and that later events proved her fear to be entirely reasonable. (See § 422, subd. (a).)

Further, the trial court's response to the jury question did not suggest that the prosecutor was relying on a continuing course of conduct from January through the February incident to support the criminal threats charge. The essential question is whether the jury was reasonably likely to have construed the court's response in a manner that violated appellant's rights. (*People v. Franco* (2009) 180 Cal.App.4th 713, 720.) The incident in which Norma testified that appellant used a handgun was the January incident. There was no suggestion that appellant used a handgun in the February incident. Thus, the jury was instructed in connection with count 5 that it must determine whether appellant used a handgun in that crime, and the verdict form required a finding on that allegation. There was no such instruction as to the crimes arising from the February incident, and no such finding required on the verdict form.

The jury asked whether the criminal threats charge pertained only to the January 15-January 18 time frame. The court referred the jury back to the jury instructions, including CALCRIM No. 207. In light of the evidence and verdict forms (as well as the prosecutor's argument), by examining the instructions, the jury would reasonably understand that count 5 related only to the January incident – in the words of CALCRIM No. 207, a crime alleged to have occurred "on or between January 15, 2013 and January 18, 2013" – because count 5 required a finding on the handgun use allegation, and the only evidence of handgun use arose

9

from the January incident in which appellant threatened to kill Norma and her family. Moreover, the prosecutor informed the jury in argument that count 5 related only to the January incident. In light of the evidence and the prosecutor's argument, as well as the instructions as a whole, it is not reasonably likely the jury understood that threats not occurring in the January incident formed part of the basis of the criminal threats charge.

Appellant's reliance on *People v. Burnett* (1999) 71 Cal.App.4th 151 (*Burnett*), is unavailing. In that case, the prosecution was allowed to amend the information at trial based on an incident raised at trial but never raised in the preliminary hearing or charged in the information. The jury was instructed that the defendant could be convicted based on the uncharged incident, and the prosecutor urged conviction based on either the charged or uncharged incident. On appeal, "[t]he court held that because the evidence at trial was of 'two completely different incidents' which 'could have supported two charges,' but the evidence presented at the preliminary hearing encompassed only one of those incidents and the other 'was never the subject of a preliminary hearing at which it could be determined whether there was probable cause to believe that offense had occurred,' the defendant could not legally be convicted of the latter offense. [Citation.]" (*Graff*, *supra*, 170 Cal.App.4th at p. 363.)

Here, unlike *Burnett*, the prosecution never amended the information or sought a conviction based on an incident not raised in the preliminary hearing or charged in the information. For the foregoing reasons, we reject appellant's claim that his due process rights were violated by the alleged failure to be advised of the charges against him.

II.     *Jury Question*

Appellant contends that CALCRIM No. 207 and the trial court's response to the jury's question regarding the timing of the criminal threats charge were erroneous and violated his due process rights.  However, as we have explained, it is not reasonably likely that the jury interpreted the court's response so as to permit conviction based in part on threats that occurred during the February incident.  Thus, we find no error in the court's response.

III.     *Ineffective Assistance of Counsel*

Appellant contends that his trial counsel was ineffective for failing to object to the court's response to the jury's question.  We note that the record is unclear whether the parties were consulted before the court gave its written response.  In any event, because we have concluded that there is no reasonable likelihood that the jury interpreted the court's response so as to permit a conviction based in part on threats that occurred during the February incident, we reject the claim of ineffective assistance.  "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  (*Strickland v. Washington* (1984) 466 U.S. 688, 697.)

11

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


WILLHITE, Acting P.J.


We concur:



MANELLA, J.



COLLINS, J.