[No. B057284. Second Dist., Div. Four. Mar. 19, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT LEO BRENNER, Defendant and Appellant.

[Opinion certified for partial publication.*]

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts III and IV.

**COUNSEL**

Terrence Verson Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Acting Assistant Attorney General, Donald E. de Nicola and Lauren E. Dana, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**EPSTEIN, J.**—Robert Leo Brenner appeals from judgment of conviction entered after a jury found him guilty of one count of dissuading a victim from reporting a crime by force or threat, a violation of Penal Code section 136.1, subdivision (c)(1).[1] He asserts prejudicial error in the court's failure to instruct on specific intent and in its failure to instruct on the lesser offense of misdemeanor intimidation. He also claims error in the court's admission of the victim's selection of an unnamed third party in a pretrial photo lineup and in its admission of evidence of criminal conduct by uncharged third parties. We find no prejudicial error and affirm.

---

[1] Unless otherwise noted, all statutory references are to the Penal Code.

*Factual and Procedural Summary*

Kelly Wileman and his girlfriend Debbie Nichols had been living at the Don Hotel in Wilmington for approximately two weeks before the incident giving rise to this prosecution. On the night of July 21, 1990, Wileman drove to Long Beach to visit a friend. Wileman's car ran out of gas, and he spent the night in the car. Nichols, who had remained at the hotel, spent a couple of hours in the hotel hallway, where people were sitting around, talking and drinking beer. Ms. Nichols had a conversation with appellant, in which she mentioned that Wileman had gone out that night.

When Ms. Nichols got up the next morning, Wileman still had not returned. She went out into the hallway at about 10:30 a.m. to find out if anybody had seen him or knew where he was. She talked with appellant while waiting for Wileman.

Wileman returned home about 11:30 a.m. He and Nichols went into their room and closed the door. Wileman placed his keys and $25 on the dresser, and he and Ms. Nichols sat on the bed.

While they were sitting on the bed, about five men came into the room. Two walked out right away, and the other three, including appellant, walked straight over to Wileman and started hitting him. While they attacked him, they told Wileman that they were protecting Ms. Nichols from him. Ms. Nichols was screaming and yelling "Stop." The three men continued to hit Wileman in the head and chest area and kept surrounding him.

Ms. Nichols jumped on top of Wileman, and the men finally stopped. They started to walk away. Wileman saw appellant walk to the counter and take the $25 he had placed there earlier. Appellant told Wileman that if he called the police, appellant would kill him. The man described by Wileman as a "Mexican" said that if Wileman called the police, he would be killed, and the third assailant stated that he "had a lot of home boys" and that Wileman should not call the police. The three men then left Wileman's room.

Wileman later called the police, who met him at the hotel. Based on Wileman's description of the assailants and information from the hotel manager, the officers went to appellant's room. Wileman and Nichols identified appellant as one of the assailants, and appellant was arrested.

Appellant was charged by information with residential robbery (§ 211) and felony intimidation of a victim (§ 136.1, subd. (c)(1)). Trial was by jury. The jury found appellant not guilty of robbery, and guilty of felony intimidation. This appeal is from the judgment of conviction.

# I

## *Specific Intent*

 Appellant contends, and the record confirms, that the trial court erred by instructing the jury that count 2, intimidation of a victim, is a general intent crime. The law is settled that the crime of threatening a victim or witness, as proscribed by section 136.1, subdivision (c)(1), is a specific intent crime. (*People* v. *Ford* (1983) 145 Cal.App.3d 985, 989-990 [193 Cal.Rptr. 684].) The trial court had a sua sponte duty to so instruct the jury (*ibid.*) and it was error not to do so. The question to be decided is whether the error was prejudicial.

 It is appropriate and constitutionally permissible to analyze instructional error with regard to an element of an offense by the harmless error standard of *Chapman* v. *California* (1967) 386 U.S. 18 [17 L.Ed.2d 705, 87 S.Ct. 824, 24 A.L.R.3d 1065]. (*People* v. *Barbosa* (1991) 228 Cal.App.3d 1619, 1629 [279 Cal.Rptr. 626]; *People* v. *Odle* (1988) 45 Cal.3d 386, 414-415 [247 Cal.Rptr. 137, 754 P.2d 184]; *People* v. *Lee* (1987) 43 Cal.3d 666, 674-676 [238 Cal.Rptr. 406, 738 P.2d 752].) This standard has been expressly applied to instructional error on the issue of whether a crime requires general or specific intent. (*People* v. *Dollar* (1991) 228 Cal.App.3d 1335, 1343 [279 Cal.Rptr. 502].)

 In this case, the jury received no instructions requiring it to determine appellant's specific intent in making the statement. The statement itself, however, is absolutely unambiguous as to its intent. According to Wileman, appellant said "that if I called the police, he would kill me." Appellant's purpose in threatening to kill the victim was plainly to prevent him from calling the police; the statement leaves no room for any other interpretation.

This case is readily distinguishable from *People* v. *Ford, supra,* 145 Cal.App.3d 985, where a defendant's section 136.1 conviction was based on his statement: "You punk mother fucker, we'll get you, you've got kids, . . ." The court noted in *Ford* that the statement could be interpreted as a simple angry statement of impending revenge, or as a threat intended to preclude the witness from testifying. (*Ford, supra,* at pp. 989-990.) Because of this ambiguity the absence of instruction on specific intent was prejudicial.

We find no such ambiguity as to intent in appellant's statement. If the jury believed appellant made the statement, the actual words of the statement

required the jury to also believe that appellant intended to dissuade or prevent the victim from calling the police by threatening the victim. The court's failure to instruct on specific intent was therefore harmless beyond a reasonable doubt.

■ Appellant argues that the existence of the requisite intent was not established as a matter of law because he presented evidence negating specific intent. The evidence to which he refers is his testimony that he and the other two men just "wanted to smarten [Wileman] up a little bit and let him know what kind of area he was leaving his girlfriend in." Appellant also testified that he and the two others decided together that they would go into Wileman's room, and explained that "[w]e just wanted to go in and scare him up a little bit and tell him it's no place to be leaving Debbie." This testimony explained the purpose of their entry into Wileman's room and their attack. It did not address the purpose of appellant's threatening statement to Wileman, since appellant did not acknowledge making that statement. Under the evidence before the jury, the only intent to be inferred from appellant's threat to Wileman was the specific intent to prevent Wileman from reporting the attack to the police.

## II

### *Lesser Offense Instruction*

■ Appellant claims the crime of misdemeanor intimidation (§ 136, subd. (b)(1)) is a lesser included offense within the charged felony violation of section 136, subdivision (c)(1), and that the trial court had a sua sponte duty to instruct on the lesser included offense.

■ "An uncharged crime is included in a greater charged offense if either (a) the greater offense cannot be committed without committing the lesser, or (b) the language of the accusatory pleading encompasses all the elements of the lesser offense." (*People* v. *Wolcott* (1983) 34 Cal.3d 92, 98 [192 Cal.Rptr. 748, 665 P.2d 520].)

■ Subdivision (b) of section 136.1 provides in pertinent part: "Except as provided in subdivision (c), every person who attempts to prevent or dissuade another person who has been the victim of a crime or who is witness to a crime from doing any of the following is guilty of a misdemeanor: [¶] (1) Making any report of such victimization to any peace officer or state or local law enforcement officer or probation or parole or correctional officer or prosecuting agency or to any judge."

Subdivision (c) of section 136.1 provides that: "Every person doing any of the acts described in subdivision (a) or (b) knowingly and maliciously under

any one or more of the following circumstances, is guilty of a felony . . . [¶] (1) Where the act is accompanied by force or by an express or implied threat of force or violence, upon a witness or victim or any third person or the property of any victim, witness, or any third person."

It is clear from the language of the two subsections that a felony violation of the statute under subdivision (c)(1) includes all the elements of a misdemeanor violation of subdivision (b)(1), plus the additional requirements that the act be done "knowingly and maliciously" and that it be accompanied by force or by a threat of force or violence. The felony offense cannot be committed without committing the misdemeanor offense. Moreover, the language of the accusatory pleading in this case encompassed all the elements of the misdemeanor offense. Appellant is therefore correct in his claim that misdemeanor intimidation of a witness is a lesser included offense within the felony offense of intimidation by force or threat.

The trial court is obligated to instruct the jury on a lesser included offense "when the evidence raises a question as to whether all of the elements of the charged offense were present [citation], but not when there is no evidence that the offense was less than that charged." (*People* v. *Wickersham* (1982) 32 Cal.3d 307, 323-324 [185 Cal.Rptr. 436, 650 P.2d 311].)

In this case, Wileman testified that appellant said "if I called the police, he would kill me." Debbie Nichols testified that she heard appellant say to Wileman something "about hurting or wanting to kill him, things like that, I guess if he went to go get the police or something." Asked if he said anything to Wileman while he was hitting him, appellant testified that "I called him a punk, and I told him what kind of area this was, and where he shouldn't be—you know, better smarten up. He shouldn't be leaving his old lady around or something could happen." According to appellant, when he and the other two men stopped hitting Wileman, appellant just turned around and left the room.

If the jury believed Wileman and Nichols, then the felony offense of intimidation by force or threat was established. If the jury believed appellant, then there was no attempt to dissuade the victim from reporting the crime to the police and neither the felony offense nor the lesser included misdemeanor was established. There was no evidence from which the jury could reasonably conclude that appellant attempted to prevent or dissuade the victim from reporting the attack to the police other than by appellant's threat to the victim. Where, as here, the evidence would not justify a conviction of the lesser included offense, the court had no sua sponte obligation to instruct the jury on that offense. (*People* v. *Wickersham, supra*, 32 Cal.3d at p. 325.)

III, IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Woods (A. M.), P. J., and Stephens, J.,† concurred.

---

*See footnote, *ante*, page 335.

†Retired Associate Justice of the Court of Appeal, Second District, sitting under assignment by the Chairperson of the Judicial Council.