Filed 5/30/13  P. v. Boyd CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B240590 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. MA051576) |
| STEPHEN BOYD, | |
| Defendant and Appellant. | |

APPEAL from the judgment of the Superior Court of Los Angeles County. Hayden Zacky, Judge.  Affirmed.

Koryn & Koryn and Sylvia Koryn for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Eric J. Kohm, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Stephen Boyd was convicted by jury of two counts of dissuading a witness by force or threat, two counts of assault with a semi-automatic firearm, and one count of making criminal threats. Special allegations that defendant personally used a firearm in the commission of the offenses and that the crimes were committed for the benefit of a criminal street gang were found true.

Defendant contends the trial court committed prejudicial error by failing to instruct sua sponte on all elements of the offense of dissuading a witness by force or threat. Defendant further contends his prior juvenile adjudication should not have been used as a qualifying prior to enhance his sentence under the Three Strikes law. Defendant concedes the Supreme Court in *People v. Nguyen* (2009) 46 Cal.4th 1007 (*Nguyen*) has rejected his argument, and that we are bound to follow *Nguyen*, but seeks to preserve the issue for further consideration.

We conclude there was no instructional error with respect to the two counts of dissuading a witness, and, pursuant to *Nguyen*, we reject defendant's claim of sentencing error. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Because defendant has not raised a substantial evidence question for review, we summarize only those facts material to the appellate issues, as well as additional facts for context.

In August 2010, Tedd Jojola and his mother, Susane Gonzalez, lived with several other family members at their home in Palmdale, California. The family had been away for a few days, and when they returned home, the front door had been broken into and was wide open, and their home had been burglarized. Several items of property were missing, including a large television, stereo speakers and a clothes dryer. They contacted law enforcement and made a report. The sheriff's deputies that responded stated they believed it looked like the type of home burglary committed by a neighborhood gang known as Ballers on Point or Bloods on Point (B.O.P.). Mr. Jojola knew of defendant from the neighborhood and that his nickname was "Big

O.P." He accompanied the deputies in their patrol car and pointed out the home where he believed defendant sometimes lived.

On January 14, 2011, a black van pulled up in front of Mr. Jojola's home while he was outside planting in the garden with his mother. He was immediately concerned because, after the burglary of their home in August, individuals had been driving by their house, throwing things at the house and yelling at his family, including, "[W]e didn't f------ rob your house."

The van stopped and defendant got out of the passenger side, and headed toward Mr. Jojola. Defendant, who was holding a black handgun, said to Mr. Jojola, "You f------ rat. You should have never snitched on B.O.P. . . . You're f------ dead." Defendant then proceeded to pistol-whip him with a handgun about his head and face. Defendant also punched Mr. Jojola on the side of the head and ripped his shirt, telling him you "should have never told the police where [we] lived at." Defendant repeated that he was going to kill them.

Mr. Jojola's mother, Ms. Gonzalez, ran over to her son and tried to push him away from defendant. Her son looked like he was going to faint, but they were eventually able to run into the house. Ms. Gonzalez locked the door and looked through the peephole. Defendant was still outside pointing the gun in her direction towards the door. Ms. Gonzalez yelled she was going to call 911. Defendant yelled, "[We] ain't done with [you] yet." Ms. Gonzalez then called 911. Several deputies arrived within a few minutes, as did an ambulance that took her son to the hospital for treatment.

Based on Ms. Gonzalez's report, a broadcast was put out regarding possible suspects in the assaults on her and her son, and several deputies on patrol eventually detained defendant during a traffic stop. Mr. Jojola later identified defendant in a six-pack photographic line-up.

Defendant, by his own admission during a conversation with a patrol officer, was a member of the B.O.P. gang, and has several gang-related tattoos. B.O.P. is an active gang in the Palmdale area, with some 200 documented members, primarily

engaged in vandalism, narcotics sales, assaults, vehicle theft and burglaries. The gang's color is red and they have recognized gang signs and symbols, including dollar signs and dice.

Defendant was charged by amended information with two counts of dissuading a witness by force or threat (Pen. Code, § 136.1, subd. (c)(1))[1] (counts 1 and 3), two counts of assault with a semi-automatic firearm (§ 245, subd. (b)) (counts 2 and 4), and one count of making criminal threats (§ 422) (count 5). Personal use of a firearm and criminal street gang special allegations were alleged as to all five counts (§§ 186.22, subd. (b)(4)(C), 12022.5, subd. (a)). It was further alleged defendant had suffered a prior juvenile adjudication in 2004 for robbery (§ 211) within the meaning of section 667, subdivision (b), and section 1170.12, subdivisions (a) through (d).

Following a jury trial, the jury found defendant was guilty of all counts and found true the special allegations that defendant personally used a firearm and acted for the benefit of, in association with, or at the direction of a criminal street gang. In a bifurcated proceeding before the court, defendant waived his rights to a jury and court trial and admitted the prior juvenile adjudication. The court sentenced defendant to a state prison term of 48 years to life, with 323 days of presentence custody credit, and ordered payment of various fines and fees.

Defendant's notice of appeal was rejected for filing by the superior court as untimely. This court granted defendant's application for relief. This appeal followed.

**DISCUSSION**

**1. There Was No Instructional Error.**

Defendant contends the trial court failed to discharge its duty to sua sponte instruct the jury as to the specific intent required for the offense of dissuading a witness by force or threat (counts 1 and 3). Specifically, defendant argues the modified version of CALCRIM No. 2623 failed to instruct the jury on the requisite specific intent for a felony dissuading a witness count brought pursuant to subdivision

---

[1] All further undesignated section references are to the Penal Code.

4

(c)(1) of section 136.1.  We exercise our independent judgment in determining whether the trial court fulfilled its sua sponte duty to instruct on all the general principles of law governing the case.  (*People v. Posey* (2004) 32 Cal.4th 193, 218.)  We reject defendant's claim of error.

The court instructed the jury with both CALCRIM No. 2622 and CALCRIM No. 2623 regarding the offense of dissuading a witness, as it was required to do.  The court read these instructions to the jury along with all the other instructions before counsel delivered their closing arguments, and the court sent a set of the instructions, printed in landscape format, into the jury room when the case was submitted to the jury for deliberations.  The printed versions of CALCRIM Nos. 2622 and 2623 appear as follows:

"**2622.  Dissuading a Witness**

"The defendant is charged in Counts 1 and 3 with dissuading a witness by force or threat of force.

"To prove that the defendant is guilty of this crime, the People must prove that:

"1.     The defendant tried to discourage Tedd Jojola and/or Susana

Gonzalez from cooperating or providing information so that a

complaint could be sought and prosecuted, and from helping to prosecute that action;

"2.     Tedd Jojola and/or Susana Gonzalez was a witness or crime

victim;

"AND

"3.     The defendant knew he was trying to discourage Tedd Jojola

and/or Susana Gonzalez from causing an arrest and/or prosecution and intended to do so.

5

"As used here, *witness* means someone or a person the defendant reasonably believed to be someone:

- "Who knows about the existence or nonexistence of facts relating to a crime;

"OR

- "Who has reported a crime to a peace officer.

"A person is a *victim* if there is reason to believe that a federal or state crime is being or has been committed or attempted against him or her.

"It is not a defense that the defendant was not successful in preventing or discouraging the witness or victim.

"It is not a defense that no one was actually physically injured or otherwise intimidated or dissuaded."

### "2623.  Dissuading a Witness by Threat of Force

"If you find the defendant guilty of dissuading a witness, you must then decide whether the People have proved the additional allegation that the defendant used or threatened to use force.

"To prove this allegation, the People must prove that:

"The defendant used force or threatened, either directly or indirectly, to use force or violence on the person or property of a witness or victim.

"The People have the burden of proving this allegation beyond a reasonable doubt.  If the People have not met this burden, you must find that this allegation has not been proved."

Defendant does not raise any specific objection to the form of CALCRIM No. 2622.  Defendant's claim of error is that CALCRIM No. 2623 did not repeat the specific intent element that was already included in CALCRIM No. 2622.  Defendant argues that "[n]othing in CALCRIM No. 2623 told the jury that the force or threat of force had to be used with the specific intent of preventing or dissuading a witness from

6

testifying." The specific intent requirement for the offense of dissuading a witness is plainly set forth as element number three in CALCRIM No. 2622: "The defendant knew he was trying to discourage Tedd Jojola and/or Susana Gonzalez from causing an arrest and/or prosecution and intended to do so." The Bench Notes to the instruction so provide. "Because the offense always requires specific intent, the committee has included the knowledge requirement with the specific intent requirement in element 3." (Judicial Council of Cal., Crim. Jury Instns. (2012) Bench Notes to CALCRIM No. 2622, p. 544.) We are not persuaded the court was required to repeat this phrase in the course of reading and delivering the printed CALCRIM No. 2623.

No jury hearing these two instructions read aloud by the court, one right after the other, reasonably could be confused about whether defendant could be guilty of dissuading a witness by force or threat if they found defendant *did* use force or threats but *did not* intend to discourage the victims from causing an arrest and/or prosecution. Nor would any reasonable jury reading the printed form of the instructions in the jury room be confused on this point. Defendant's argument would have us slice and dice the instructions as if each one were heard and understood in isolation. Defendant ignores that the court instructed the jury to "[p]ay careful attention to all of these instructions and consider them together." (*People v. Musselwhite* (1998) 17 Cal.4th 1216, 1248 ("""[T]he correctness of jury instructions is to be determined from the entire charge of the court, not from a consideration of parts of an instruction or from a particular instruction."' [Citation.]")

The instructions, viewed as a whole, plainly connected the allegations of threats and force to the offense of witness dissuasion. CALCRIM No. 2623, as given, unequivocally directed the jury that *if* they found defendant guilty of witness dissuasion (the elements of which were set forth in CALCRIM No. 2622), then the jury had to determine whether the prosecution had proved beyond a reasonable doubt the additional allegation of whether defendant used force or threatened to use force in so acting. The jury was also instructed on reasonable doubt (CALCRIM No. 220),

7

circumstantial evidence of intent or mental state (CALCRIM No. 225), and the requirement of their being a union of act and intent (CALCRIM No. 252), among other instructions.

The threats made to both victims were unambiguously directed to their having reported information to the police about the burglary, defendant's status as a possible suspect, and cooperating with law enforcement's investigation. Mr. Jojola testified that defendant said, "You f------ rat. You should have never snitched on B.O.P. . . . You're f------ dead," and defendant then proceeded to pistol-whip him with a handgun. Mr. Jojola also stated that defendant told him that he "should have never told the police where [defendant and his accomplices] lived at. And he said that he was going to kill us." These were not ambiguous threats that a reasonable jury could have interpreted as menacing but not necessarily related to dissuading Mr. Jojola and Ms. Gonzalez from cooperating with law enforcement.

For the jury to accept that defendant made the threats testified to by Mr. Jojola and Ms. Gonzalez, as they did, necessarily means the jury found the threats were made with the requisite specific intent. (See *People v. Brenner* (1992) 5 Cal.App.4th 335, 339 [instruction that dissuading a witness is general intent crime was error, but was harmless beyond a reasonable doubt because statement that "'if [the victim] called the police, [the defendant] would kill'" him was unambiguous as to intent such that if jury believed defendant made statement, they found the requisite specific intent]; *People v. Jones* (1998) 67 Cal.App.4th 724, 727-728 [same]; see also *People v. Young* (2005) 34 Cal.4th 1149, 1211-1212.) The jury instructions therefore could not have misled the jury as to the essential element of specific intent.

## 2. The Prior Strike.

Defendant raises a constitutional challenge to the use of his 2004 juvenile adjudication for robbery as a prior conviction for sentence enhancement purposes under California's Three Strikes law. However, defendant acknowledges that *Nguyen*, *supra*, 46 Cal.4th 1007 controls here and forecloses his claim. Indeed, *Nguyen* expressly held that despite the lack of a right to a jury trial in a juvenile adjudication, a

8

prior juvenile adjudication is properly considered for sentence enhancement purposes. (*Id*. at pp. 1019-1025.)  Defendant nevertheless raises the issue to preserve his right to challenge the holding in *Nguyen*.  We are bound to follow Supreme Court precedent (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455), and therefore do not discuss the issue further.

## DISPOSITION

The judgment of conviction is affirmed.

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

GRIMES, J.

WE CONCUR:

BIGELOW, P. J.

FLIER, J.

9