Filed 12/18/24

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C098758 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE002975) |
| v. | |
| RICHARD MANUEL NAVA, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Sacramento County, Matthew J. Gary, Judge. Reversed.

Robert Navarro, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen, John Merritt, Deputy Attorneys General, for Plaintiff and Respondent.

While serving a life sentence, Richard Manuel Nava stabbed another inmate with a sharpened piece of metal.  He was afterward convicted of several crimes, including under Penal Code[1] sections 4500 and 4501.  Section 4500 makes it a crime for a life prisoner to assault another with malice aforethought either by means of force likely to produce great bodily injury or with a deadly weapon or instrument.  Section 4501 is similar.  "Except as provided in Section 4500," it makes it a crime for a prisoner to assault another either by means of force likely to produce great bodily injury or with a deadly weapon or instrument.

On appeal, Nava challenges his conviction under section 4501.  He contends he could not be convicted under this statute, because it does not apply to inmates serving a life sentence.  The People argue likewise.  We agree Nava could not be convicted under this statute, though for a different, narrower reason.  Considering section 4501's opening clause—"[e]xcept as provided in Section 4500"—we conclude that a person convicted as provided in section 4500 cannot also be convicted as provided in section 4501 for the same conduct.  Because in this case, Nava was convicted under both statutes for the same conduct, we will reverse his conviction under section 4501.

BACKGROUND

Nava is a prisoner serving a life sentence.  While serving his sentence, Nava stabbed another inmate in the neck, back, and elsewhere with a sharpened piece of metal.  The other inmate survived.

Nava was afterward charged with three crimes:  (1) possessing a weapon in a penal institution (§ 4502, subd. (a)), (2) assaulting another with a deadly weapon and with malice aforethought while a life prisoner (§ 4500), and (3) assaulting another with a deadly weapon while a prisoner (§ 4501, subd. (a)).  The charging document also alleged

---

[1] Undesignated statutory references are to the Penal Code.

that various aggravating circumstances existed and that Nava had two prior strike convictions.  (§§ 667, subds. (b)-(i), 1170.12.)  A jury found Nava guilty on all counts.  It also found true the alleged aggravating circumstances and prior strike convictions.

The trial court sentenced Nava to 27 years to life for the assault with a deadly weapon under section 4500 and, to be served concurrently, 25 years to life for possessing a weapon in a penal institution.  It also imposed but stayed sentence for the assault with a deadly weapon under section 4501.  Nava filed a timely notice of appeal with this court in June 2023.  After delays in the court reporter's preparation of the record, and after both parties sought and received multiple extensions of time for filing their briefs, this case became fully briefed on October 25, 2024.

DISCUSSION

I

*Sections 4500 and 4501*

We consider here whether a person can be convicted under both sections 4500 and 4501 for the same conduct.  Section 4500 provides:  "Every person while undergoing a life sentence, who is sentenced to state prison within this state, and who, with malice aforethought, commits an assault upon the person of another with a deadly weapon or instrument, or by any means of force likely to produce great bodily injury is punishable with death or life imprisonment without possibility of parole."  Section 4501, in turn and as relevant here, says:  "*Except as provided in Section 4500*, every person confined in the state prison of this state who commits an assault upon the person of another with a deadly weapon or instrument shall be guilty of a felony and shall be imprisoned in the state prison for two, four, or six years to be served consecutively."  (§ 4501, subd. (a), italics added.)

Our analysis centers on the phrase "[e]xcept as provided in Section 4500." (§ 4501, subd. (a).)  Courts have often construed similar language in other statutes. *People v. Tom* (2018) 22 Cal.App.5th 250 is one example from our court, which

3

considered section 597. Subdivision (b) of that statute says, "Except as otherwise provided in subdivision (a) or (c)," every person who commits certain abusive acts against an animal is guilty of a crime. Subdivisions (a) and (c) of this statute, in turn, criminalize more egregious abusive acts against animals, with both subdivisions focusing on malicious and intentional conduct. We considered in *Tom* whether a defendant could be convicted under both subdivision (a) and subdivision (b) of section 597 for the same act. (*Tom*, at p. 256.) We found he could not. Considering the words "[e]xcept as otherwise provided in subdivision (a) or (c)," we found "[a] person may be convicted of violating section 597, subdivision (b) based on specific conduct unless that same conduct is found to violate section 597, subdivision (a) [or (c)]." (*Tom*, at p. 257.) So if a person is convicted under section 597, subdivision (a) or (c), that person cannot also be convicted under section 597, subdivision (b) for the same act. (*Tom*, at p. 257.)

Other courts have found similarly with other statutes. In *Moncrieffe v. Holder* (2013) 569 U.S. 184, for instance, the Supreme Court considered a federal statute penalizing possession of marijuana with the intent to distribute. (*Id.* at p. 192.) The statute provides, in relevant part, that when a person unlawfully possesses " 'less than 50 kilograms of marihuana,' then 'such person shall, except as provided in paragraph[] (4) . . . of this subsection, be sentenced to a term of imprisonment of not more than 5 years,' *i.e.,* as a felon." (*Id.* at p. 193.) The statute then provides, in the referenced paragraph (4), that notwithstanding the penalty just described, a person who unlawfully " 'distribut[es] a small amount of marihuana for no remuneration shall be treated as' a simple drug possessor, [citation], which for our purposes means as a misdemeanant." (*Id.* at pp. 193-194.) Focusing largely on the "except as provided" language, the court found these "provisions create two mutually exclusive categories of punishment" (*id.* at p. 194), with each "drafted to be exclusive of the other" (*id.* at p. 196; see also *People v. Lopez* (2005) 34 Cal.4th 1002, 1004-1006 [provision imposing a sentencing enhancement " '[e]xcept as provided in paragraph[] (4)' " does not apply when paragraph (4) applies].)

4

Consistent with these cases and section 4501's plain text, we conclude that sections 4500 and 4501 describe two mutually exclusive crimes. Absent section 4501's opening clause, both statutes would overlap in part. Both would apply, for instance, when a prisoner serving a life sentence assaults another with a deadly weapon and acts with malice aforethought—though for section 4501, malice aforethought and a life sentence would be unnecessary. Section 4501's "[e]xcept as provided in Section 4500" clause, however, prevents the two statutes from covering the same conduct. It clarifies that when both statutes would otherwise apply, section 4500 governs and section 4501 is inapplicable. (See *Cyan, Inc. v. Beaver County Employees Retirement Fund* (2018) 583 U.S. 416, 427 [explaining the purpose of a statute's "except as provided [in another statute]" clause—it clarifies which of the two statutes controls in the event of a conflict].) So when a defendant, like Nava, is convicted as provided in section 4500, he cannot also be convicted as provided in section 4501 for the same conduct.[2]

Finding the statutory text clear, we need not look to the legislative history. (*People v. McCune* (2024) 16 Cal.5th 980, 993 [courts "may not consult legislative history to cloud the meaning of statutory text when its meaning is clear"].) But to the extent we consider this history, it is consistent with our reading. Section 4501 took its current general form following a 2004 amendment that added the words "[e]xcept as provided in Section 4500." (Stats. 2004, ch. 405, § 17.) Explaining the purpose of this amendment, several committee analyses state that this language "would clarify that Penal Code Section 4501 applies to all cases except for those covered by Penal Code Section

---

[2]  Often, as here, a clause stating "except as provided" in another provision has a clear meaning. But there are exceptions. (See *Elk Hills Power, LLC v. Board of Equalization* (2013) 57 Cal.4th 593, 602, 610 [finding ambiguous a clause stating "[e]xcept as provided" in another provision; it could mean the provision including this clause does not apply at all when the other provision applies, or it could mean the two provisions could apply together, but the provision including this clause must be construed to avoid a conflict with the other provision].)

4500." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business analysis of Sen. Bill No. 1796 (2003-2004 Reg. Sess.) as amended July 7, 2004, p. 6; Assem. Com. on Public Safety, Analysis of Sen. Bill No. 1796 (2003-2004 Reg. Sess.) as amended June 17, 2004, p. 5.)  Per the legislative history, then, when a case is "covered by Penal Code Section 4500," it cannot also be covered by section 4501.  That aligns with our reading of section 4501's plain text.

In sum, considering section 4501's text, the legislative history, and case law construing similar statutes, we conclude that a person convicted under section 4500 cannot also be convicted under section 4501 for the same conduct.  We thus find Nava's dual convictions under these statutes unlawful.  Because he was convicted under both statutes for the same conduct, we will reverse his conviction under section 4501.  (§ 1260 [reviewing court can modify an appealed judgment].)[3]

## II

### *Nava's and The People's Arguments*

Both Nava and the People agree with our bottom line—Nava could not be convicted under section 4501.  But their reasoning differs from our own.  In their view, he could not be convicted under section 4501 because he is serving a life sentence.

Understanding their position requires some context.  While we have focused so far on section 4501's current text, they focus on section 4501's text from decades ago. Before 2004, section 4501 covered " '[e]very person confined in a state prison of this state *except one undergoing a life sentence* who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force likely to produce

---

[3]  Under the reasoning of several cases, the rule barring additional convictions for lesser included offenses would provide another ground for reaching this same conclusion. (*People v. Upsher* (2007) 155 Cal.App.4th 1311, 1318-1321; see *People v. Brenner* (1992) 5 Cal.App.4th 335, 340-341.)  But our analysis focuses on section 4501's plain text alone.

6

great bodily injury . . . .' " (*People v. Noah* (1971) 5 Cal.3d 469, 475; see Stats. 1978, ch. 579, § 33, p. 1993.)  Considering this language in 1971, our Supreme Court found, as the statute plainly provided, that a defendant serving a life sentence could not be convicted under section 4501.  (*Noah*, at p. 476.)  The court noted, however, that this language produced an "anomalous result, one probably unintended by the Legislature."  (*Noah*, at p. 476, fn. 5.)  It reasoned that a life prisoner who committed an "aggravated assault" without malice aforethought would violate neither section 4500 nor section 4501—but would instead only violate a statute imposing a lower sentence—while a non-life prisoner who similarly committed an aggravated assault without malice aforethought would violate section 4501 and so face a higher sentence.  (*Noah*, at p. 476, fn. 5.)  But after noting this "anomalous" result, the court explained that it was "powerless to correct" the statute.  (*Ibid.*)  Left unsaid was who could—the Legislature.

Over three decades later, the Legislature acted in the 2004 amendment we mentioned earlier.  It deleted the words "except one undergoing a life sentence" and added, to the start of section 4501, the words "[e]xcept as provided in Section 4500." (Stats. 2004, ch. 405, § 17.)  According to the legislative history, the Legislature made this change at the urging of the California District Attorneys Association to clarify the statute's scope. (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business analysis of Sen. Bill No. 1796, *supra*, as amended July 27, 2004, p. 6.)  Per the committee analyses for the 2004 amendment, section 4501, as then written, used "non-standard language to exempt Penal Code Section 4500.  Instead of 'except one undergoing a life sentence,' the exception in Penal Code Section 4501 should read 'Except as provided in Section 4500.'  This standard language would clarify that Penal Code Section 4501 applies to all cases except for those covered by Penal Code Section 4500." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business analysis of Sen. Bill No. 1796, *supra*, as amended July 27, 2004, p. 6.; Assem. Com. on Public

7

Safety, Analysis of Sen. Bill No. 1796 (2003-2004 Reg. Sess.) as amended June 17, 2004, p. 5.)

With this context in mind, we return to Nava's and the People's arguments. Nava contends this amendment changed nothing, reasoning that " 'except one undergoing a life sentence' means the same thing as 'except as provided in Section 4500.' " Except it does not. To explain why, consider two prisoners. One, like Nava, is a life prisoner who assaults another with a deadly weapon and with malice aforethought. Another, unlike Nava, is a life prisoner who assaults another with a deadly weapon but without malice aforethought. Both are persons "undergoing a life sentence." But only the former has committed a crime "as provided in Section 4500." The latter has not because this prisoner lacks the requisite malice aforethought. And because this prisoner has not committed a crime as provided in section 4500, section 4501's opening clause—"[e]xcept as provided in Section 4500"—imposes no limitation on section 4501's application. That prisoner may thus be convicted under section 4501's current text, even though this prisoner is serving a life sentence.

The People's argument is a little different. They accept that section 4501's former text—"except one undergoing a life sentence"—and its current text—"[e]xcept as provided in Section 4500"—mean different things. They even write that the current text "suggest[s] that [the Legislature] intended for the statute to apply to life prisoners." But they still argue that section 4501 does not apply to life prisoners. They note that the statute does not explicitly include life prisoners. They note too that a committee analysis for the 2004 bill amending section 4501 (among other statutes) called the changes proposed in the bill either "technical or minor." (Sen. Com. on Public Safety, Analysis of Sen. Bill No. 1796 (2003-2004 Reg. Sess.) as amended Apr. 15, 2004, p. 4.) And they state that nothing in the legislative history for the 2004 bill expresses an intent to override *Noah*, to modify the statute's elements, or to restrict any affirmative defense. They then write: "In a situation where legislative history is unclear, ties go to the defendant," citing

8

a case stating that ambiguity in a criminal statute generally should be resolved in favor of lenity. (*People v. Reynoza* (2024) 15 Cal.5th 982, 1012.)

We find otherwise. The Legislature may not have chosen the words the People would have preferred, neither explicitly saying that it was overriding *Noah* nor explicitly saying that section 4501 covers life prisoners. But it still spoke clearly enough. It removed "except one undergoing a life sentence" and added "[e]xcept as provided in Section 4500." And it did so against a backdrop of case law describing the function of such a clause—it makes clear which provision controls when multiple provisions are otherwise applicable. (*Moncrieffe v. Holder, supra*, 569 U.S. at pp. 193-196; *People v. Tom, supra*, 22 Cal.App.5th at p. 257.) In this case, section 4500 controls, with section 4501 applying only when section 4500 is inapplicable. Or as the legislative history puts it, "Penal Code Section 4501 applies to all cases except for those covered by Penal Code Section 4500." (Sen. Rules Com., Off. of Sen. Floor Analyses, Unfinished Business analysis of Sen. Bill No. 1796, *supra*, as amended July 27, 2004, p. 6.) That sets a clear rule for life prisoners. When a life prisoner is convicted under section 4500, that prisoner cannot also be convicted under section 4501 for the same conduct. But when a life prisoner commits an assault meeting all the elements of section 4500, apart from malice aforethought, that prisoner can be convicted under section 4501. Finding no statutory ambiguity on this topic, we reject the People's reliance on the rule of lenity.

## DISPOSITION

Nava's conviction for violating section 4501, subdivision (a) (count three), is reversed. The trial court is directed to prepare an amended abstract of judgment

reflecting this modification and to forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.


                                    /s/
                                    BOULWARE EURIE, J.



We concur:



          /s/
MAURO, Acting P. J.



          /s/
RENNER, J.

10