Filed 2/21/14  P. v. Smith CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DASCAN STAR SMITH,<br><br>    Defendant and Appellant. | E057663<br><br>(Super.Ct.Nos. RIF1101300MF,<br> RIF1101793, RIM1108735,<br> RIF1200963, RIF1200517,<br> RIF1200299, RIF1202151 &<br> BAM1201313)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed in part; reversed in part and remanded.

Donna L. Harris, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Steve

Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

1

In six felony and two misdemeanor complaints, the People charged defendant Dascan Star Smith with 14 felonies and five misdemeanors, and alleged numerous sentence enhancements. The trial court consolidated all eight cases and subsequently gave an indicated sentence of 15 years in state prison. Defendant agreed to plead guilty to all counts and to admit all sentence enhancements. The trial court took defendant's guilty pleas and admissions and dismissed a misdemeanor count of failure to appear. It then imposed sentence as indicated. However, the trial court neglected to orally take defendant's guilty plea on two of the felony counts and on one of the misdemeanor counts. The court also failed to orally take defendant's admission on five out-on-bail allegations, and failed to take defendant's admission that a residence was inhabited for purposes of three first degree robbery charges.

On appeal, defendant contends the trial court entered unauthorized sentences on the substantive counts and sentence allegations, which he did not admit orally, and did not orally pronounce sentence on some counts for which sentence was entered in the minute order. Defendant does not seek to set aside his guilty pleas and sentence, but instead requests that we remand the case so that he may orally plead guilty and enter admissions to the previously overlooked charges and allegations, and for the trial court to correctly pronounce sentence. The People concede that a remand is necessary. We agree and reverse the judgment in part and remand the case for the trial court to take defendant's oral guilty pleas and admissions, and to properly pronounce sentence.

# I.

## PROCEDURAL BACKGROUND[1]

A.     *The Pleadings*

Between January 2011 and June 2012, the People filed six felony complaints and two misdemeanor complaints against defendant.

In case No. RIF1101300, the People charged defendant with one count of robbery. (Pen. Code,[2] § 211.)

The complaint filed in case No. RIF1101793 charged defendant with assault with a deadly weapon (§ 245, subd. (a)(1)), robbery (§ 211), corporal injury on a cohabitant (§ 273.5, subd. (a)), misdemeanor battery (§ 242), and misdemeanor vandalism (§ 594, subd. (b)(2)(A)).

The People charged defendant in case No. RIM1108735 with misdemeanor giving a false identification to a peace officer.  (§ 148.9, subd. (a).)  Defendant did not appear for his arraignment, so the complaint was amended to charge defendant with failure to appear.  (§ 853.7.)

In case No. RIF1200963, the People charged defendant with three counts of first degree burglary (§ 459), one count of first degree robbery in an inhabited dwelling

---

[1]  A discussion of the underlying facts of defendant's admitted crimes is unnecessary to the resolution of this appeal.

[2]  All undesignated statutory references are to the Penal Code.

3

(§§ 211, 212.5, subd. (a)), and alleged that defendant committed those four crimes while out on bail on another case (§ 12022.1).

Defendant was charged in case No. RIF1200517 with first degree robbery in an inhabited dwelling (§§ 211, 212.5, subd. (a)), first degree burglary of an inhabited dwelling (§§ 459, 667.5, subd. (c)(21)), and attempted burglary (§§ 664, 459). The People also alleged that defendant personally used a dangerous and deadly weapon during the commission of the robbery (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)), and that defendant committed all three crimes while out on bail on another case (§ 12022.1).

The felony complaint filed in case No. RIF1200299 charged defendant with assault with a deadly weapon. (§ 245, subd. (a)(1).)

In case No. RIF1202151, the People charged defendant with first degree burglary (§ 459), and first degree robbery in an inhabited dwelling (§§ 211, 212.5, subd. (a)). The People also alleged that defendant committed the robbery[3] while he was out on bail on another case. (§ 12022.1.)

Finally, the misdemeanor complaint filed in case No. BAM1201313 charged defendant with destroying jail property. (§ 4600, subd. (a).)

The trial court granted the People's unopposed motion to consolidate all eight cases under case No. RIF1101300. The People did not file a consolidated complaint.

---

[3] In its brief, the People concede the out-on-bail allegation in case No. RIF1202151, which is in the singular ("the above listed felony offense"), does not also apply to the burglary count.

Instead, the clerk of the superior court entered all 19 charges into the docket, mostly in chronological order of the date on which the crimes allegedly occurred, and gave them new count numbers: count 1 corresponded to the sole count alleged in case No. RIF1101300; counts 2, 3, and 4 corresponded to the three counts alleged in case No. RIF1200517; counts 5 and 6 corresponded to the two counts alleged in case No. RIF1202151; count 7 corresponded to the sole count alleged in case No. RIF1200299; counts 8, 9, 10, and 11 corresponded to the four counts alleged in case No. RIF1200963; counts 12, 13, 14, 15, and 16 corresponded to the five counts alleged in case No. RIF1101793; counts 17 and 18 corresponded to the two misdemeanor counts alleged in case No. RIM1108735; and count 19 corresponded to the sole misdemeanor count alleged in case No. BAM1201313.

B.    *Defendant's Guilty Pleas and Admissions*

On August 6, 2012, defendant signed a standard plea form indicating he agreed to plead guilty to all of the charges and to admit all sentence allegations for an indicated sentence of 15 years in state prison. The sentence on the remaining counts and sentence enhancements was to be served concurrently to the principal term.

Defendant entered guilty pleas for almost all of the 19 charges. He pleaded guilty to: robbery as alleged in count 1; providing false identification to a police officer as alleged in count 17; first degree robbery as alleged in count 2; first degree burglary as alleged in count 3; attempted burglary as alleged in count 4; first degree burglary as alleged in count 8; first degree burglary as alleged in count 9; first degree robbery as

5

alleged in count 10; first degree burglary as alleged in count 11; misdemeanor vandalism of jail property as alleged in count 19; assault with a deadly weapon as alleged in count 7; assault with a deadly weapon as alleged in count 12; robbery as alleged in count 13; corporal injury to a cohabitant as alleged in count 14; and misdemeanor battery as alleged in count 15.

On its own motion, the trial court dismissed the charge of failure to appear alleged in count 18. Perhaps due to the large number of charges and the lack of a consolidated pleading, the trial court neglected to take defendant's guilty pleas to first degree burglary as alleged in count 5, first degree robbery as alleged in count 6, and misdemeanor vandalism as alleged in count 16.

Defendant also admitted that he committed the first degree robbery alleged in count 2 with a deadly weapon, that someone other than an accomplice was present when he committed the first degree burglary alleged in count 3, and that he committed counts 2, 3, and 4 while he was out on bail on another case. The trial court neglected to take defendant's admission to the allegations that the robberies alleged in counts 2, 6, and 10 occurred in an inhabited dwelling (§ 212.5, subd. (a)), and that he committed counts 6, 8, 9, 10, and 11 while he was out on bail on another case.

6

C.      *Sentencing*

Pursuant to the plea agreement, the trial court sentenced defendant to the middle term[4] of six years for the principal count of first degree robbery under count 2, and imposed a one-year consecutive term for the admission that defendant used a knife during the commission of the robbery, for a total of seven years.  For the three out-on-bail allegations relating to counts 2, 3, and 4, the court sentenced defendant to two years each, for a total of six years to be served consecutively with the sentence on count 2.[5]  And for defendant's convictions for assault with a deadly weapon under counts 7 and 12, the trial court sentenced defendant to one-third the middle term of three years, for a total of two years to be served consecutively to the term imposed for count 2.

On the remaining counts, the trial court imposed sentences to run concurrently with the principal count.  The court sentenced defendant to 180 days in jail for each of his convictions for misdemeanor giving a false identification to a peace officer as alleged in count 17, and for misdemeanor vandalism of jail property as alleged in count 19.  For defendant's conviction for inflicting corporal injury on a cohabitant as alleged in count 14, the court sentenced defendant to the low term of two years.  The trial court sentenced

---

**4**  The trial court stated on the record that it was sentencing defendant to the "upper term of six years" on count 2.  But, as accurately reflected in the minute order and abstract of judgment, the robbery alleged in count 2 was in the first degree, so six years was the middle term.  (§§ 211, 212.5, subd. (a), 213, subd. (a)(1)(A).)

**5**  The minute order only indicates imposition of sentence on the out-on-bail allegation relating to count 4.

defendant to the low term of two years for defendant's robbery convictions under counts 1 and 13.[6]  Finally, the court sentenced defendant to the low term of two years for each of defendant's burglary convictions under counts 3, 8, 9, and 11.  The same low term of two years was apparently imposed for the burglary alleged in count 5, although, as noted *ante*, the court did not take defendant's plea to that charge.

The trial court neglected to orally impose sentence for defendant's convictions for attempted burglary under count 4 and for misdemeanor battery under count 15, although the minutes and abstract of judgment reflect imposition of an eight-month sentence on the former, and the minutes indicate a 180-day sentence on the latter.  The minutes and abstract of judgment also reflect an inaccurate low-term sentence of two years for defendant's first degree robbery conviction under count 10 (see *ante*, fn. 6), that was not orally imposed.  Finally, the minute order and abstract of judgment purport to reflect that the trial court sentenced defendant to the inaccurate low term of two years for first degree robbery as alleged in count 6, two years for the out-on-bail enhancements relating to counts 6 and 11, and 180 days in jail for misdemeanor vandalism as alleged in count 16, notwithstanding the fact that defendant did not orally plead guilty to these charges and

_____

[6] The minute order and abstract of judgment purport to reflect that the court also imposed the low term of two years for defendant's robbery convictions under counts 6 and 10.  Like count 2 (see *ante*, fn. 4), the robberies alleged in counts 6 and 10 were in the first degree, so the court could not have imposed a low term of two years.  (§ 213, subd. (a)(1)(A) [low term for first degree robbery is three years].)

did not orally admit these sentence allegations, and notwithstanding the fact that the trial court did not orally impose those sentences.

## II.

## DISCUSSION

"It is elementary that a defendant should not be punished for a crime of which he was not convicted.  [Citation.]"  (*People v. Torres* (2011) 198 Cal.App.4th 1131, 1148.) Imposition of a sentence on a charge for which the defendant did not enter an oral plea of guilty is an unauthorized sentence.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 385-386.)  Entry in the minutes of a sentence which the trial court did not orally pronounce is unauthorized, and may be corrected on appeal.  (*Id*. at pp. 386-387.)

As noted, defendant did not orally plead guilty to first degree burglary as alleged in count 5, first degree robbery as alleged in count 6, or misdemeanor vandalism as alleged in count 16.  Nor did defendant orally admit that the robberies alleged in counts 2, 6, and 10 were committed in inhabited dwellings, and that counts 6, 8, 9, 10, and 11 were committed while he was out on bail, for purposes of sentencing.  Therefore, the sentences imposed for those counts and sentence allegations—orally or in the minutes—are unauthorized.

Moreover, although defendant pleaded guilty to attempted burglary as alleged in count 4, and to misdemeanor battery as alleged in count 15, the trial court did not orally pronounce sentence on those charges.  The sentences entered in the minutes for those counts are unauthorized.

9

III.

DISPOSITION

The judgment is reversed in part and remanded for the trial court to take defendant's oral plea of guilty to the charges of first degree burglary as alleged in count 5, first degree robbery as alleged in count 6, and misdemeanor vandalism as alleged in count 16. The court shall also take defendant's oral admissions that counts 6, 8, 9, 10, and 11 were committed while defendant was out on bail on another case, and shall take defendant's oral admission that the robberies alleged in counts 2, 6, and 10 were committed in an inhabited dwelling, for purposes of section 212.5, subdivision (a).

The trial court shall then orally pronounce sentence on all counts and sentence allegations, and the clerk of the superior court shall amend the minute order and abstract of judgment and forward them to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:


HOLLENHORST
Acting P. J.


CODRINGTON
J.

10