Filed 10/13/22  P. v. Heng CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KOKHOW DANNY HENG,<br><br>    Defendant and Appellant. | H048570<br>(Santa Clara County<br> Super. Ct. Nos. B1800963, C1883504,<br> C1886296, C1889836, C1915287) |

Appellant Kokhow Danny Heng pleaded no contest to multiple offenses in five criminal cases and was sentenced to a total term of 10 years in prison.  His appointed counsel filed a brief that states the case and the facts but raises no arguable issues, citing *People v. Wende* (1979) 25 Cal.3d 436.  We notified Heng of his right to submit written argument on his own behalf, and he has not done so.  After conducting an independent review of the record, we requested the parties file supplemental briefs addressing whether the trial court imposed an unauthorized sentence in one of Heng's criminal cases and whether Heng is entitled to resentencing due to recent amendments made to Penal Code section 654 by Assembly Bill No. 518 (2021-2022 Reg. Sess.).[1]  Both parties have filed supplemental briefs agreeing that the sentence in case number C1883504 was

---

[1] Unspecified statutory references are to the Penal Code.

unauthorized and remand for resentencing is required. We reverse the judgment and remand the matter for resentencing.

## I. BACKGROUND

On December 9,2019, Heng entered pleas in five separate criminal cases as follows with the understanding that he would face a maximum term of 10 years 8 months in prison:

In case number B1800963, Heng pleaded no contest to reckless driving (Veh. Code, § 2800.2, subd. (a)), possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)), possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)), unlawful possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)), and possession of personal information of 10 or more people with the intent to defraud (§ 530.5, subd. (c)(3)). Heng also admitted a prior strike conviction (§§ 667, subd. (b)-(i), 1170.12).

In case number C1883504, Heng pleaded no contest to three counts of acquiring or obtaining personal identification information with the intent to defraud with a prior conviction (§ 530.5, subd. (c)(2); counts 1-3) and admitted a prior strike conviction (§§ 667, subd. (b)-(i), 1170.12).

In case number C1886296, Heng pleaded no contest to forgery (§ 470, subd. (a)) and admitted a prior strike conviction (§§ 667, subd. (b)-(i), 1170.12).

In case number C1889836, Heng pleaded no contest to acquiring or obtaining personal identifying information of ten or more people with the intent to defraud (§ 530.5, subd. (c)(3)) and admitted a prior strike conviction (§§ 667, subd. (b)-(i), 1170.12).

And finally, in case number C1915287, Heng pleaded no contest to possession of a controlled substance or paraphernalia in jail (§ 4573.6, subd. (a)) and admitted a prior strike conviction (§§ 667, subd. (b)-(i), 1170.12).

2

The parties stipulated to a factual basis for the pleas without reference to a specific document.

On September 16, 2020, the trial court denied Heng's *Romero*[2] motion and sentenced him to a total term in prison of 10 years. Heng's aggregate sentence was composed of the following:

In case number B1800963, Heng was sentenced to a total term of four years in prison, composed of a lower term of two years, doubled to four years due to his prior strike, for unlawful possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)) and three concurrent low terms of 16 months each, doubled to 32 months each, for his convictions for reckless driving (Veh. Code, § 2800.2), possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)), and possession of personal information of 10 or more people with the intent to defraud (§ 530.5, subd. (c)(3)), respectively. The trial court also stayed under section 654 a sentence of 32 months for possession of ammunition for a prohibited person (§ 30305, subd. (a)(1)). The trial court granted Heng 654 days actual custody credit and 654 days conduct credit for a total of 1308 days.

In case number C1889836, Heng was sentenced to a consecutive term of one year four months (one-third of the two-year middle term, doubled) for acquiring or obtaining personal identification information with the intent to defraud with a prior conviction (§ 530.5, subd. (c)(2)).

In case number C1886296, Heng was sentenced to a consecutive term of one year four months (one-third of the two-year middle term, doubled) for forgery (§ 470, subd. (a)).

In case number C1883504, Heng was sentenced to a consecutive term of one year four months (one-third of the two-year middle term, doubled) for obtaining personal

---

[2] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

identification information with the intent to defraud with a prior conviction (§ 530.5, subd. (c)(2); count 1), and four concurrent sentences of two years and eight months (the middle term of 16 months, doubled) for four additional convictions of obtaining personal identification information with the intent to defraud with a prior conviction (§ 530.5, subd. (c)(2); counts 2-5).

And finally, in case number C1915287, Heng was sentenced to a consecutive term of two years (one-third of the three-year middle term, doubled) for his conviction of possession of a controlled substance or paraphernalia in jail (§ 4573.6, subd. (a)).

In each case, the trial court imposed a $300 restitution fine and imposed and suspended an additional $300 probation revocation restitution fine. The trial court waived all other fines and fees based on Heng's inability to pay. In every case other than C1915287, the trial court issued a general order of restitution.

Heng filed a timely notice of appeal.[3]

## II.    DISCUSSION

### A.    *Unauthorized Sentence in Case Number C1883504*

In case number C1883504, Heng was charged with *five* counts of violating section 530.5, subdivision (c)(2) (counts 1-5). In his written advisement of rights, waiver, and plea form, Heng indicated that he understood that he would plead guilty or no contest to all five counts. However, at the change of plea hearing, Heng orally pleaded to only *three* counts of violating section 530.5, subdivision (c)(2) (counts 1-3).

---

[3] Heng initially filed an appeal on October 13, 2020. This court later asked Heng to show cause why the appeal should not be dismissed as inoperative because he failed to obtain a certificate of probable cause. Heng filed a letter brief arguing that he intended to appeal only the trial court's sentencing decisions. Thereafter, this court granted Heng's unopposed request for relief from default and permitted Heng to file an amended notice of appeal.

4

And at the sentencing hearing, the trial court imposed sentence for five counts of violating section 530.5, subdivision (c)(2) (counts 1-5).[4]

Here, the parties agree that the trial court's imposition of sentences on counts 4 and 5 in case number C1883504 resulted in an unauthorized sentence, as Heng did not orally enter a plea as to those counts. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 385-386.) "Unless otherwise provided by law, every plea shall be entered or withdrawn by the defendant himself or herself in open court." (§§ 1018, 1017.) As Heng did not enter a plea as to those counts, he cannot stand convicted of them, and "[i]t is elementary that a defendant should not be punished for a crime of which he was not convicted." (*People v. Torres* (2011) 198 Cal.App.4th 1131, 1148.) Because the sentences for counts 4 and 5 are unauthorized, we must direct the trial court to strike them.

**B.** *Assembly Bill No. 518*

In case number B1800963, the trial court imposed multiple sentences for Heng's convictions for unlawful possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)), reckless driving (Veh. Code, § 2800.2), possession of a firearm by a convicted felon (§ 29800, subd. (a)(1)), and possession of personal information of 10 or more people with the intent to defraud (§ 530.5, subd. (c)(3)). The trial court, however, also imposed but stayed under section 654 a 32-month sentence for possession of ammunition by a prohibited person (§ 30305, subd. (a)(1)).

---

[4] At the change of plea hearing, the trial court did not specifically address counts 4 and 5 but noted that "[a]ll remaining allegations or charges are submitted for dismissal at the time of sentencing." At the sentencing hearing, the trial court specifically dismissed a trailing case (C1922318) in its entirety and the remaining allegations and charges in case number C1889836.

At the time that Heng was originally sentenced, section 654 provided that when an act or omission can be punished by different provisions of law, the trial court must impose sentence "under the provision that provides for the longest potential term of imprisonment." (Former § 654.) In 2021, the Legislature enacted Assembly Bill No. 518 (2021-2022 Reg. Sess.), which amended section 654, effective January 1, 2022. (Stats. 2021, ch. 441.) As amended, section 654, subdivision (a) now provides that an act or omission that is punishable in different ways by two different provisions of the law can be punished under either provision; the longest term of imprisonment is no longer mandated.

We agree with the parties that Assembly Bill No. 518 retroactively applies to Heng's case and remand is required for resentencing. (*In re Estrada* (1965) 63 Cal.2d 740, 744-745; *People v. Sek* (2022) 74 Cal.App.5th 657, 673-674; *People v. Mani* (2022) 74 Cal.App.5th 343, 379-380.) Here, the trial court imposed a four-year sentence for unlawful possession of a controlled substance while armed with a loaded firearm (Health & Saf. Code, § 11370.1, subd. (a)). Although the parties stipulated to the existence of a factual basis for Heng's plea, they made no express reference to a particular document, and the trial court did not make any explicit findings regarding section 654 during the sentencing hearing. It is therefore unclear whether the trial court stayed under section 654 the 32-month sentence for possession of ammunition (§ 30305, subd. (a)(1)) because the four-year sentence for unlawful possession of a controlled substance (Health & Saf. Code, § 11370.1, subd. (a)) was the longer sentence. Under the newly amended version of section 654, the trial court may have exercised its discretion differently, as the longer sentence is no longer required.

Accordingly, we conclude that it is appropriate to remand the matter to the trial court so that it may properly exercise its newfound sentencing discretion under section 654.

## III.  DISPOSITION

The judgment is reversed.  On remand, the trial court is directed to strike the unauthorized sentences on counts 4 and 5 in case number C1883504 and to resentence Heng as to all matters under the current version of Penal Code section 654, as amended by Assembly Bill No. 518.  The trial court may impose sentence as to counts 4 and 5 in case number C1883504 only upon Heng's pleas as to those counts.  If Heng declines to enter a guilty or no contest plea to these counts, the District Attorney or the trial court may set aside the negotiated disposition, and Heng may proceed to trial.

_____

LIE, J.

WE CONCUR:

_____

GREENWOOD, P.J.

_____

GROVER, J.

*People v. Heng*
H048570